**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| B&A VENTURA HOLDING, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:26-cv-4494 |
| HARTFORD UNDERWRITERS | § | |
| INSURANCE COMPANY, | § | |
| *Defendant.* | § | |
| | § | |

**NOTICE OF REMOVAL**

Defendant Hartford Underwriters Insurance Company ("Hartford"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action: Cause No.: 2026-29165 in the 61st Judicial District Court of Harris County, Texas.  In support of this Notice of Removal, Hartford respectfully submits:

1.      On April 30, 2026, Plaintiff B&A Ventura Holding, Inc. ("Plaintiff") commenced a state court action by filing its Original Petition (the "Complaint") in the 61st Judicial District Court of Harris County, Texas.  Hartford is the only named defendant in the case.

2.      As a threshold matter, Hartford would state that it can locate no record of "B&A Ventura Holding, Inc." within the Texas Secretary of State online database.[1]  This lawsuit stems from a first-party insurance coverage claim in which Mary Nguyen, the sole member of B&A *Venture* Holding, Inc.,[2] is listed as the policyholder for the subject insurance policy.[3]  The mailing address listed in the policy also references B&A Venture Holding, Inc. and not B&A Ventura Holding, Inc.[4]

---

[1] Ex. B – Public Records.
[2] Ex. B – Public Records.
[3] Ex. C – Verified Policy 61SBAAP8G6Y, at P. 18; see also Complaint at ¶ 8 referencing the policy.
[4] Ex. C, at P. 18.

3. Hartford was served by process server on its registered agent for service: CT Corporation System, 1999 Bryan St, Ste 900, Dallas, TX 75201, no earlier than May 13, 2026. A true and correct copy of the complete state court file, including the docket sheet, is attached to this removal as Exhibit A.[5]

## CITIZENSHIP

### A.    B&A VENTURE HOLDING, INC.

4. For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.[6]

5. Hartford searched the Harris County Appraisal District records for ownership records of 502 E 20th Street, Houston, Texas (the "Insured Property"). Those records indicate that B&A Venture Holding, Inc. owns the property.[7] Hartford also conducted a search of the records of the Texas Secretary of State online database. Those records indicate that B&A Venture Holding, Inc. is a Texas Corporation with its principal address being 8918 Inwood North Dr., Houston, Texas 77088.[8] Plaintiff also avers that it is a citizen of the State of Texas.[9] Accordingly, Plaintiff is a citizen of Texas for diversity jurisdiction purposes.

### B.    Hartford Underwriters Insurance Company

6. Hartford Underwriters Insurance Company is a corporation organized under the laws of the state of Connecticut with its principal place of business at One Hartford Plaza, Hartford,

---

[5] Exhibit A – State Court File.
[6] *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N. A.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").
[7] Exhibit B – Public Records
[8] *Id.*
[9] Complaint, at ⁋ 2.

Connecticut.   Accordingly, Hartford is a citizen of Connecticut for purposes of diversity jurisdiction.

## **AMOUNT IN CONTROVERSY**

7.      Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[10]  Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[11]  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[12]

8.      The Complaint alleges that Plaintiff seeks ". . . monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs".[13]  Plaintiff further alleges that the damage estimate Plaintiff submitted to Defendant totaled $101,293.97.[14]  Given Plaintiff's valuation of the underlying claim, the monetary damages alone would be greater than $75,000.

9.      Furthermore, the Complaint states that Plaintiff seeks treble or exemplary damages.[15]  An exemplary or treble damages award in this case would certainly boost Plaintiff's recovery to well over $75,000.[16]  The insured further seeks attorneys' fees, which are included in

---

[10] 28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).

[11] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[12] *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[13] Complaint, at �
P 2.

[14] Complaint at Ex. B.

[15] Complaint, at ¶¶ 28, 29, 35, 36, 44, 45, and the unnumbered paragraph under Section "XIII. PRAYER."

[16] *Knowles Pub. v. Am. Motorists Ins. Co.*, No. 00-10561, 2001 WL 86914, at *3 (5th Cir. Jan. 25, 2001) (finding the fact that plaintiff's petition sought treble damages "indicated more likely than not that the $75,000 jurisdictional minimum was satisfied"); *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-cv-474, 2016 WL 8931300, at * 4 (E.D. Tex. Apr. 8, 2016) ("Exemplary damages allowed by state statute are also encompassed in the amount in controversy.").

determining the amount in controversy.[17] It is thus facially apparent that the amount in controversy is above $75,000, satisfying the amount in controversy requirement under 28 U.S.C. § 1332(b).

10.      Hartford does not admit the underlying facts as alleged by Plaintiff in the Complaint or as summarized here and expressly denies any liability to Plaintiff.

## DIVERSITY JURISDICTION

11.      Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.  Hartford is a citizen of Connecticut.  Because Plaintiff is a citizen of Texas and Hartford is a citizen of Connecticut, complete diversity of citizenship exists.  The amount in controversy exceeds $75,000.00.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL PROCEDURE

12.      Defendant's Notice of Removal is filed within 30 days of service of the Complaint, and the removal is timely under 28 U.S.C. § 1446(b).  Notice of this Removal has been provided to the clerk of the District Court of Harris County, Texas.

## CONCLUSION

Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Hartford Underwriters Insurance Company removes this case to this Court for trial and final determination.

---

[17] Complaint, at ¶¶ 18, 27, 34, 47, and the unnumbered paragraph under Section "XIII. PRAYER"; (*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.")).

Respectfully submitted,

*/s/ Martin R. Sadler*
Martin R. Sadler
Texas Bar No.: 00788842
Federal ID No. 18230
Alexander Z. Gette
State Bar No.: 24096450
Federal ID No.: 3943031
LUCOSKY BROOKMAN, LLP
1250 S. Capital of Texas Highway
Building 3, Suite 400
Austin, Texas 78746
Telephone:(512) 361-1365
Facsimile: (732) 395-4401
msadler@lucbro.com
agette@lucbro.com

**ATTORNEYS FOR DEFENDANT
HARTFORD UNDERWRITERS INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via CM/ECF electronic filing, in accordance with the Federal Rules of Civil Procedure, on this the 8th day of June 2026 to:

ERIK WALKER
State Bar No.: 00792104
BRANDON ARROW
State Bar No.: 24120435
**THE LAWGICAL FIRM, P.A.**
504 W. 38th Street
Austin, TX 78705
(832) 871-5995 - Telephone
(409) 487-4441 - Fax
ServiceTX@thelawgicalfirm.com
Erik.Walker@thelawgicalfirm.com
Brandon.Arrow@thelawgicalfirm.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Martin R. Sadler*
Martin R. Sadler

5